FILED

May 4 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0589

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 96N

RICHARD MOTTA, Granite
County Justice of the Peace,

       Plaintiff and Appellant,

  v.

GRANITE COUNTY COMMISSIONERS,
SUZANNE BROWNING, MAUREEN CONNOR
and CLIFF NELSON,

       Defendants and Appellees.

APPEAL FROM:    District Court of the Third Judicial District,
                In and For the County of Granite, Cause No. DV 09-53
                Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Richard Motta, self-represented, Philipsburg, Montana

       For Appellees:

          Michael W. Sehestedt, MACo Legal Services, Helena, Montana

Submitted on Briefs:  April 13, 2011
Decided:  May 4, 2011

Filed:

_____
                         Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Richard Motta appeals an order of the District Court, Third Judicial District, Granite County, denying all requested relief. We affirm.

¶3      Motta was appointed as a part-time Justice of the Peace, in Granite County, after the previous justice of the peace retired. Before Motta applied, the Granite County Commissioners reduced the position from full-time to part-time and lowered the salary accordingly. Subsequently, Motta and the County Commissioners came into conflict over the hiring of a clerk and reimbursement for expenses. Ultimately, Motta sued, claiming that (1) his hours and pay were impermissibly reduced, (2) he was not properly compensated for expenses, and (3) he was harmed by lack of proper funding for a clerk of court. The District Court held a bench trial on August 23, 2010.

¶4      First, the District Court concluded that Motta's argument regarding a clerk of court was moot. He admitted he currently had a clerk and further conceded that the Justice Court was current with its duties.

¶5      Second, the District Court found no merit to Motta's reimbursement argument. Both §§ 3-10-203(1) and 3-10-209, MCA, provide for reimbursement for "actual and necessary" expenses, as "provided in 2-18-501 through 2-18-503." Sections 2-18-501 through 2-18-503, MCA, provide rates of reimbursement. Motta was paid at these statutory rates and has

2

no legal basis to request further compensation.

¶6 Finally, the District Court concluded that the County Commissioners had not illegally reduced the hours of the Granite County Justice of the Peace. The County Commissioners were statutorily authorized both to appoint a replacement justice of the peace and reduce the justice of the peace's salary and hours, prior to appointment. Sections 3-10-206 through 3-10-208, MCA. Additionally, "a constitutional provision prohibiting diminution of salaries during the term of office is designed to remove from lawmakers the temptation to exert control over the other branches by…threats of punishment by way of reduced salaries." *Coate v. Omholt*, 203 Mont. 488, 500, 662 P.2d 591, 597 (1983). Such a concern is absent here, because the diminution occurred prior to Motta even applying for the position.

¶7 Motta's argument weaves between legal and factual assertions. However, the record is insufficient, because he failed to order a transcript of the trial below, and this Court will not address any claims regarding factual error. M. R. App. P. 8(2); *Giambra v. Kelsey,* 2007 MT 158, ¶ 36, 338 Mont. 19, 162 P.3d 134.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶9 Affirmed.

/S/ MIKE McGRATH

3

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ BRIAN MORRIS